**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALJINDER SINGH, | No. 10-73878 |
| Petitioner, | Agency No. A098-496-833 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Baljinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen and

reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse

of discretion the BIA's denial of a motion to reopen or reconsider. *Cano-Merida v.*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*INS*, 311 F.3d 960, 964 (9th Cir. 2002).  We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reconsider because Singh did not identify any error or fact or law in the BIA's prior decision. *See* 8 C.F.R. § 1003.2(b)(1).  The BIA also did not abuse its discretion in denying Singh's motion to reopen because he did not establish that his proffered evidence would likely change the result in the case.  *See Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (contention petitioner filed application did not suffice to meet "heavy burden" of proving new evidence would likely change result) (citation omitted).  Further, contrary to Singh's contentions, the record shows the BIA properly and adequately reviewed his motion.

In addition, we lack jurisdiction to review Singh's contentions regarding the agency's previous analysis of his claim under the Convention Against Torture because he failed to raise them to the BIA in his motion.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).  Finally, to the extent Singh challenges the underlying agency decisions, we lack jurisdiction because this petition is not timely as to those decisions.  *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

10-73878